UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-56-10 (PAM/ECW)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANAB ARTAN AWAD,

    Defendant.

**MOTION TO REVOKE DEFENDANT'S PRETRIAL RELEASE**

On September 20, 2022, Defendant Anab Awad Artan was indicted for perpetuating a $25 million scheme to defraud a federal nutrition program that provided free meals to children. She engaged in this conduct while under conditions of pretrial release in this matter for a wholly unrelated healthcare fraud scheme. Ms. Awad's actions establish a rebuttable presumption of detention that she cannot overcome. The government respectfully requests Awad's pretrial release be immediately revoked and that she be detained pending trial.[1]

**I.  Background**

    *a)*    <u>Healthcare Fraud Charges and Conditions of Release</u>

On March 17, 2021, Awad made her initial appearance in this matter, which charged her with conspiracy to defraud the Medicaid program from September 2014 through September 2017. (21-cr-56; Dkts. 8, 65.) The alleged scheme involved mental health practitioners and interpreters billing Minnesota Medicaid for services that

---

[1]  The government anticipates that United States Probation and Pretrial Services will soon be filing a formal Petition to revoke Awad's pretrial release.

were never performed. Specifically, during the relevant time frame, Awad worked as an interpreter at entities approved to bill Minnesota Medicaid for interpretation services provided to Medicaid beneficiaries. In this role, Awad conspired with mental health practitioners at Minnesota Multicultural Counseling Clinic to prepare, sign, and submit falsified reimbursements for adult rehabilitative mental health appointments that never occurred. These falsified claims—among other issues—often overlapped with each other or directly conflicted with Awad's other work as a personal care attendant. During the scheme, Minnesota Medicaid paid out over $95,000 on Awad's knowingly fraudulent submissions and Awad, in turn, pocketed her share of the profits.

On March 17, 2021, given the nature of the charges, the Court placed Awad on numerous conditions of pretrial release with the input of defense counsel. (Dkt. 50.) These conditions explicitly included that Awad not violate any federal, state, or local law while on release. (*Id.*)

  (b) <u>*Violations of Pretrial Release Conditions*</u>

On November 28, 2021, Hennepin County issued a harassment restraining order against Awad. (Dkt. 263.) On December 21, 2021, Awad violated the restraining order by accosting the victim at a local mall, which led Hennepin County to file charges against Awad on February 4, 2022, for assault and disorderly conduct. (*Id.*) Because Awad failed to appear on a summons, Hennepin County issued a bench warrant for her arrest. Awad ultimately was released on conditions and the case remains pending.

On March 14, 2022, United States Probation filed a Petition for Action on Conditions of Pretrial Release. (Dkt. 263.) The Petition detailed Awad's new criminal conduct in Hennepin County. In response, the Court placed Awad on supervised pretrial release, imposed additional reporting requirements, and required she comply with the active Hennepin County matters.

(c)   *Pending Trial and New Criminal Charges*

Awad has remained active throughout the pendency of this matter. She has filed six motions for extension of time to file pretrial motions and ultimately rejected a proposed resolution. (*See* Dkt. 362.) Until recently, the parties expected and were prepared for an October 3, 2022 trial. The matter is now set for trial on November 9, 2022. (Dkt. 393.)

On September 20, 2022, Awad was indicted in *United States v. Salad, et. al.*, 22-cr-233 (NED/TNL) for her role in the Feeding Our Future fraud scheme. Beginning in April 2020 and continuing into 2022, the Indictment alleges that Awad and her co-conspirators engaged in a $25 million scheme to defraud a federal child nutrition program that provided free meals to children. The program had been enhanced during the COVID-19 pandemic to ensure underserved children received adequate nutrition. Beginning in September 2020—and continuing through Awad's pretrial release in this matter—Awad reinstated a formerly defunct business entity to purportedly manage distribution sites that would provide food to needy children. Awad thereafter submitted more than $11 million in reimbursement claims for meals she purportedly provided to needy children. The Indictment alleges that Awad

personally received over $700,000 in fraud proceeds and distributed hundreds of thousands more to other individuals, including members of her family.

## II. Argument

A person released pursuant to 18 U.S.C. § 3142 is subject to revocation upon violating conditions of release. 18 U.S.C. § 3148. The Court shall revoke and detain a defendant if, after a hearing, a judicial officer:

(1) finds that there is—

>    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
>    (B) clear and convincing evidence that the person has violated any other condition of release; **and**

(2) finds that—

>    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; **or**
>
>    (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b). A rebuttable presumption of revocation and detention arises if there is probable cause to believe the person committed a new criminal offense. *Id.*

Courts have long recognized that economic danger falls within the meaning of 18 U.S.C. § 1341. *See, e.g., United States v. King*, 849 F.2d 485 (11th Cir. 1998) (discussing legislative history); *United States v. Giordano*, 370 F. Supp. 2d 1256, 1270 (S.D. Fla. 2005) (concluding "no question that an economic danger, like that posed by a serial defrauder, falls under the broad umbrella of 'dangerousness' as that term is

4

used throughout the Bail Reform Act."). Specifically, in *United States v. DeSimone*, the district court favorably cited numerous cases when it found that pretrial detention could be predicated on protection against economic harm:

> This Court adopts the reasoning of these cases and agrees that the concept of "danger" under 18 U.S.C. § 3142(g)(4) may, at least in certain cases, extend to pecuniary or economic harm. This conclusion is consistent with the common definition of the term "danger" which is not limited to a risk of physical harm. *See* Black's Law Dictionary (8th ed. 2004) (defining danger as "peril; exposure to harm, loss, pain, or other negative result"). The nouns danger, peril, hazard and risk, all refer to exposure to harm or loss but "danger, the least specific, is applicable to any potentially harmful situation." The American Heritage Dictionary 364 (Second College Edition 1982).

2009 WL 904688 (D.R.I. April 1, 2009). This proposition also has found support in the District of Minnesota. *See United States v. Walker*, 13-mj-544 (TNL), Dkt. 13 at 12-14 (collecting cases recognizing danger of economic harm).

Awad's intervening Indictment in 22-233 establishes probable cause that she committed new federal criminal offenses while on pretrial release in this matter. This creates a rebuttable presumption of detention. To be clear, Awad is facing trial in this matter for knowingly participating in a healthcare fraud scheme for billing Minnesota Medicaid for services that were never performed. While on pretrial release for those allegations, Awad was indicted for her role in facilitating a $25 million scheme for submitting fraudulent reimbursements to a federal child nutrition program. Even if Awad could overcome the rebuttable presumption of detention—and she cannot—her actions make two things clear. First, there is no reason to

5

believe that she will abide by conditions of pretrial release. Second, her release poses an economic danger that is a clear risk to the safety of the community.

## Conclusion

Awad exploited her pretrial release on allegations of healthcare fraud to facilitate an additional fraudulent scheme that targeted federal funds. Awad's conduct makes it clear she is unlikely to abide by any condition or combination of conditions of release. Instead, her release clearly endangers the public and could allow her to flee or hide assets. The Court should revoke Awad's pretrial release and detain her pending trial.

Dated: September 22, 2022        Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

*/s/ Jordan L. Sing*

ANGELA M. MUNOZ
JORDAN L. SING
Assistant United States Attorneys